The opinion of the court was delivered by
Eenner, J.
The statement of the ease made by the District Judge in his reasons for judgment is so full and so perfectly correct that we adopt it.
Plaintiff sues the defendant for damages suffered by the non-delivery of three packages containing promissory notes, valued at §3164.80, to the consignee, S. B. Kirby & Oo., at Little Rock, Arkansas.
The evidence proves the following substantial facts:
On October 1, 1883, the plaintiff delivered to the Adams Express Company at Chicago a package of promissory notes of the face value of §2348.58, addressed and to be delivered to S. B. Kirby & Co., at Little Rock, Arkansas. Around the package and enclosed in the sealed envelope delivered to the express company was a list of the notes and a receipt to be signed by the consignee. Accompanying the package was also a letter of instructions addressed to the express company at Little Rock, Arkansas. It instructed the company, upon receipt of the package, to deliver it to S. B. Kirby & Co., when they had compared the notes with the list in the^ receipt and signed the receipt. It also instructed the express company to return the receipt given by Kirby & Co. to plaintiffs.
The express company received the package, agreed to deliver the same for a charge of fifty cents, signed the usual receipt, which con *596 tained in printed letters a special contract limiting their liability for loss or damage, unless claim therefor be made within thirty days after date of shipment and to the extent only of $50, unless a greater valuation should be given by the shipper at the time of shipment.
This contract inured to the benefit of the connecting carrier.
The defendant, the Southern Express Company, received this package from the Adams Express Company, at St. Louis, and carried it to its destination, Little Rock, Arkansas. It was received by the express agent at Little Rock, George T. McFadden, on October 3, 1883.
The firm of S. B. Kirby &Co. was composed of Samuel B. Kirby and Logan H. Roots. Kirby was the managing member of the firm.
The agent sent the package to the firm and Kirby declined to receive it. The agent then carried it to their office in person, and Kirby stated that the Wilson Sewing Machine Company had made a mistake in sending the package to S. B. Kirby & Co., and that it should have been sent to him individually. The agent answered that the package was sent to S. B. Kirby & Co.; that they were the proper parties to deliver it to, and that his receipt was good. Thereupon Kirby opened the package, took out the notes and list, compared the same and then signed the receipt, “S. B. Kirby.”
The agent then placed the receipt and the original letter of instructions in a sealed envelope marked “Receipt of S. B. Kirby & Co.,” and addressed it to the Wilson Sewing Machine Company, Chicago, and forwarded the same on October 4, 1883. It was received by plaintiff about October 6, 1883.
On October 19, 1883, plaintiff delivered another package of notes, • face value $2860.44, addressed to S. B. Kirby & Co., with a like list, receipt and letter of instructions. The express company entered into a like contract with the exception of limiting its liability to the sum of $50. This package was received by the agent of the Southern Express Company at Little Rock, and delivered by him on October 24, 1883, to S. B. Kirby. Kirby and the agent made in substance the same statements. Kirby signed the receipt, “ S. B. Kirby,” and the receipt, list and letter of instructions were in like manner sent to the plaintiffs at Chicago. . They were received by the plaintiffs about October 26, 1883.
On December 10, 1883, plaintiffs delivered to the Adams Express *597 Company another package of notes addressed “S. B. Kirby & Co.,” face value $88.45, and they were delivered, received and receipt signed and returned in like manner. The last receipt was returned December 18, and received by plaintiffs about December 20, 1883.
These notes were secured by pledge on sewing machines sold to the signers thereof. They were held by plaintiffs as collaterals to secure an indebtedness due to them. They were sent to S. B. Kirby & Co. for collection.
Plaintiff demanded of S. B. Kirby & Co. the return of the notes. On January 15, 1884, S. B. Kirby & Co., in answer to the demand, denied that they had ever received the notes and refused to return them.
On the 17th day of October, 1884, plaintiffs obtained judgment in the United States Circuit Court at Little Rock, Ark., for $3164.80 against S. B. Kirby on the debt due for which the notes herein mentioned were given as collateral. The judgment was not realized, as Kirby was then insolvent.
On the 9th of July, 1885, plaintiffs sued the Adams Express Company for $10,000 damages, sustained by the loss of the said three packages of notes. They also sued S. B. Kirby & Co. in Chicago. In both suits judgment was rendered in favor of defendant.
On the 15th day of June, 1885, eighteen months after the delivery of the notes, a demand for their return or value thereof was made upon the defendant, the Southern Express Company.
On April 23, 1888, this suit was filed. S. B. Kirby is now insolvent, and the notes, under the laws of the State of Arkansas, were prescribed when this suit was filed.
Defendant sets out several defences arising out of the conditions expressed in its contract, and also pleads estoppel.
The estoppel, which was sustained by the judge a quo, appears to us to be so clearly well founded that we find it unnecessary to consider any other defences.
We are dealing with no gross misconduct on the part of defendant. The main function of an express company is to make safe carriage of things entrusted to it to their destination, and there to make delivery to one authorized to receive it. Here the express company’s agent delivered the thing at the proper place, and into the hands of the proper person, viz: at the office of S. B. Kirby & Co., *598 into the hands of the managing partner of the firm, S. B. Kirby. The only error committed was in accepting a receipt signed by S. B. Kirby instead of S. B. Kirby & Oo. The agent evidently thought that the duty of the express company was fully discharged by such proper delivery, and if the receipt taken proved the fact of delivery, it mattered not whether S. B. Kirby, who was authorized to receive it, signed the receipt in his own name or in the firm’s name.
However this be, he immediately complied with the direction contained in plaintiff’s letter of instructions by returning to plaintiff the receipt taken. The express company thus informed the plaintiff exactly what had been done. If the plaintiff was dissatisfied with the manner in which its trust had been executed, its duty was plain immediately to disaffirm it, and to notify defendant. No such disaffirmance was made. On the contrary, plaintiff shipped a second package with similar instructions, which were executed by taking and returning a similar receipt; and this was followed by a third consignment executed in the same way.
These several transactions took place in October and December, 1888. It is admitted that the receipts returned were all promptly received by plaintiff. No notice of disavowal was given to defendant until June, 1885. Defendant had a right, conclusively, to presume that its action, thus fully communicated to its principal, was ratified by the latter. The only excuse of plaintiff is the pretence that it never looked at the receipts. If so, this was gross fault and negligence on its part. It is more than doubtful, in point of law, whether it can be heard to set up such fault as a ground of excusing its gross dereliction of duty to defendant. Bank vs. Morgan, 117 U. S. 108, and numerous authorities there cited.
But it is very clear that it had full knowledge of the receipts at least one year before it ever made any complaint to the express ompany. Instead of disaffirming these, it seems to have adopted them, and actually brought suit and recovered judgment against S. B. Kirby, in October, 1884; and yet no' notice of any claim against defendant wgs given until eight months more had elapsed.
If plaintiff had promptly notified the express company or its representatives of the latter’s conduct when the receipts were returned, there is little doubt that the defendant could have protected itself against loss by proper proceedings against Kirby. Even if the notice *599 had been given in January, 1884, when the letter of Roots, the other member of SI B. Kirby & Oo., distinctly informed plaintiff that the receipts had been signed by S. B. Kirby individually, defendant might still have found means of. protection. It was a condition precedent to any claim against defendant that plaintiff should have given such notice and secured to defendant the opportunity of recourse against Kirby. As was said by the Supreme Court of the United States in an analogous ease, “if the depositor was guilty of negligence in not discovering and giving notice of the fraud of his clerk, then the bank was thereby prejudiced, because it was prevented from taking steps, by the arrest of the criminal, or by an attachment of his property or other form of proceeding, to compel restitution. It is not necessary that it should be made to appear by evidence that benefit would certainly have accrued to the bank from an attempt to secure payment from the criminal. * ® As the right to seek and compel restoration from the person committing the forgeries was, in itself, a valuable one, it is sufficient if it appears that the bank, by reason of the negligence of the depositor, was prevented from promptly, and it may be effectually, exercising it.” Bank vs. Morgan, 117 U. S. 108.
The foregoing doctrine is fully applicable here and sanctions the formulation of the doctrine of estoppel, sustained by universal jurisprudence, to the effect that an equitable estoppel arises when a party •to an action has, by his faulty and negligent conduct, induced his adversary either to do or to admit some act or acts, by means of which the loss which is claimed against him might have been averted. 6 Wait’s Action and Def., pp. 681, 683,685, and authorities there cited.
The authorities relied on by plaintiff to the effect that there is no estoppel when the party pleading it knew or ought to have known the facts on which the estoppel is founded, are sound, but totally inapplicable. The vital fact upon which this estoppel is founded, and which the defendant did not know, is the fact that plaintiff dis-affirmed the receipt taken and claimed to hold defendant responsible therefor. Plaintiff’s conduct 'and silence authorized defendant to assume that its action was approved, and induced it to omit taking those steps to avoid the loss which it would have taken but for plaintiff’s culpable fault and neglect in failing to give any notice of its complaint.
Judgment affirmed.